```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |  |
|---|---|---|
| MICHAEL CHRISTY, | : | Civil Action No. 07-5209 (JBS) |
| Plaintiff, | : | |
| v. | : | **M E M O R A N D U M  O R D E R** |
| GEORGE W. HAYMAN, et al., | : | |
| Defendants. | : | |

It appearing that:

1. On October 24, 2007, this Court received Plaintiff's complaint ("Complaint"), together with Plaintiff's application to prosecute this matter in forma pauperis consisting solely of Plaintiff's affidavit of poverty.  See Docket Entry No. 1.

2. If a prisoner seeks permission to file a civil rights complaint in forma pauperis, the Prison Litigation Reform Act requires the prisoner to file an affidavit of poverty *and* a prison account statement for the six-month period immediately preceding the filing of the complaint.  See 28 U.S.C. § 1915(a)(2).

3. By Order entered December 6, 2007, this Court denied Plaintiff's application to proceed in forma pauperis without prejudice and administratively terminated the action on the grounds that Plaintiff failed to submit an in forma pauperis application executed in accordance with the requirements posed by 28 U.S.C. § 1915(a)(2) or to pre-pay the $350.00 filing

fee. See Docket Entry No. 3. The Order provided that Plaintiff may have the above entitled case reopened if, within 30 days of the date of the entry of the Order, Plaintiff either pre-paid the $350.00 filing fee or filed an in forma pauperis application executed in accordance with the requirements posed by 28 U.S.C. § 1915(a)(2). See id.

4. On December 19, 2007, the Clerk received from Plaintiff his new application to proceed in forma pauperis. See Docket Entry No. 5. This Court, consequently, directed the Clerk to reopen this matter.

5. In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996). Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Tort Claims Act . . . many of which are routinely dismissed as legally frivolous." Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), that a court must dismiss, at the earliest practicable time, any prisoner actions that are frivolous or malicious, fail to state a claim, or seek monetary relief from immune defendants.

However, in determining the sufficiency of a complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court should "accept as true all of the allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, lend credit to a pro se plaintiff's "bald assertions" or "legal conclusions." Id. Thus, "[a] pro se complaint may be dismissed for failure to state a claim only if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981) (quoting Haines, 404 U.S. at 520).

6.  Plaintiff's Complaint names two Defendants: Commissioner George Hayman of New Jersey Department of Corrections and Charman Peter Barnes of New Jersey Parole Board. See Docket Entry No. 1, caption. With respect to both Defendants, Plaintiff alleges that they "wiped out [Plaintiff's jail] credits and [are] forcing [Plaintiff] to do more prison time than established." Id. ¶¶4(b) and (c).

7. Specifying the remedies Plaintiff is seeking to obtain, the Complaint states as follows: "Plaintiff is seeking judgment . . . order[ing] jail credits . . . restor[ed in the amount] of 174 days [as well as an] order [to] the Parole Board to give [Plaintiff parole eligibility date] reflecting 174 days [of] jail credit and 46 days [of] good[-]time credit." Id. ¶ 7.

8. Federal courts are courts of limited jurisdiction. See Mansfield, C. & L. M. R. Co. v. Swan, 111 U.S. 379, 383 (1884). "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986). A district court may exercise jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority." U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331. Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action

>     at law, suit in equity, or other proper proceeding
>     for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).  "When evaluating a claim brought under § 1983, we must first 'identify the exact contours of the underlying right said to have been violated' in order to determine 'whether [plaintiff] has alleged a deprivation of a constitutional right at all." Natale v. Camden County Corr. Facility, 318 F.3d 575, 581 (3d Cir. 2003) (quoting County of Sacramento v. Lewis, 523 U.S. 833, 841 n.5 (1998)).  If so, the Court then determines whether the defendant can be held liable for that violation. See Natale, 318 F.3d at 581; Berg v. County of Allegheny, 219 F.3d 261, 275 (3d Cir. 2000).

9.  In a series of cases beginning with Preiser v. Rodriquez, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C.§ 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254.  In Preiser, state prisoners who had been deprived of good-time credits by the New York State

      Department of Correctional Services as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to compel restoration of the credits, which would have resulted in their immediate release. See 411 U.S. at 476. The prisoners did not seek compensatory damages for the loss of their credits. See id. at 494. The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, *his sole federal remedy is a writ of habeas corpus*." Id. at 500 (emphasis supplied).

10. In the case at bar, Plaintiff's allegations and the remedy sought are virtually identical to those stated in Preiser and dismissed by the Supreme Court. Therefore, this Court has no jurisdiction to analyze Plaintiff's claims pursuant to § 1983. For the purposes of restoration of Plaintiff's allegedly improperly removed jail-time and good-time credits, Plaintiff's sole federal remedy is an application for a writ of habeas corpus, upon exhaustion of applicable state remedies. See id. Consequently, this Court is constrained to dismiss Plaintiff's Complaint.[1]

---

[1] Plaintiff is not seeking monetary damages. However, in the event Plaintiff obtains a favorable determination restoring his jail-time and/or good-time credits, Plaintiff may in the

IT IS therefore on this **1st** day of **February**, 2008,

ORDERED that Plaintiff's application to prosecute this matter in forma pauperis without prepayment of the $350.00 filing fee pursuant to 28 U.S.C. § 1915(a) and (b) is hereby granted; and it is further

ORDERED that the Clerk of the Court is to file the complaint in the above-captioned action; and it is further

ORDERED that the Clerk of the Court shall serve a copy of this Order by regular mail on the United States Attorney for the District of New Jersey and on the warden of the place of Plaintiff's current confinement; and it is further

ORDERED that Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation; and it is further

ORDERED that an initial partial filing fee shall be deducted and, until the $350.00 filing fee is paid, in each succeeding month during which the amount in Plaintiff's account exceeds $10.00, the agency having custody of him shall assess, deduct from his account, and forward to the Clerk of the Court payments equal to 20% of the

---

future, if he so wishes, seek monetary damages. In Heck v. Humphrey, 512 U.S. 477 (1994), the Court instructed district courts that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence . . . accrue[s when] the conviction or sentence has been invalidated." Id. at 489-90.

preceding month's income credited to his account, pursuant to 28 U.S.C. § 1915(b)(2), and each payment shall be referenced to the civil docket number of this action; and it is finally

ORDERED that Plaintiff's Complaint in this action is DISMISSED without prejudice to Plaintiff's filing an application for writ of habeas corpus seeking restoration of Plaintiff's jail-time and/or good-time credits, as well as without prejudice to Plaintiff's filing of civil rights complaint in the event Plaintiff secures a favorable state or federal determination restoring Plaintiff's jail-time and/or good-time credits; and it is finally

ORDERED that the Clerk shall serve this Order upon Plaintiff by regular U.S. mail and close the Court's file for this action.


**s/ Jerome B. Simandle**
Jerome B. Simandle
United States District Judge